**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME MEDRANO and MARIBEL MEDRANO, husband and wife, | No. 11-55412 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-07285-JHN-PLA |
| v. | MEMORANDUM[*] |
| FLAGSTAR BANK, FSB, a Federal Savings Bank; EXODUS FINANCIAL CORPORATION, a Nevada corporation formerly known as Doe 1; JANE FOWLER KELLEHER, formerly known as Doe 2; STRATHAM MONTECITO WEST, a California corporation; STRATEGIC SALES AND MARKETING GROUP, a California corporation; JANIS KIM RANDAZZO, individually and responsible managing officer of Strategic Sales and Marketing Group; FERNANDO CORDERO, individually and responsible managing officer of Exodus Financial Corporation; DORA SENAIDA CORDERO, | |
| Defendants - Appellees, and | |
| PROTOFUND MORTGAGE CORPORATION, a California | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

corporation,

Defendant.

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted November 6, 2012
Pasadena, California

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Plaintiffs Jaime and Maribel Medrano appeal the district court's orders dismissing their claims against Defendants Flagstar Bank, FSB; Exodus Financial Corporation; Jane Fowler Kelleher; Stratham Montecito West; Strategic Sales and Marketing Group; Janis Kim Randazzo; Fernando Cordero; and Dora Senaida Cordero. On appeal, Plaintiffs challenge the dismissal of their federal claim under 12 U.S.C. § 2607 and their state-law claim for reformation and declaratory relief regarding Maribel's alleged community-property interest.[1] Reviewing de novo, Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011), we affirm.

_____

[1] Plaintiffs also challenge the district court's dismissal of their claim against Defendant Flagstar under 12 U.S.C. § 2605. We address that claim in an opinion filed on this date.

1. The district court correctly dismissed Plaintiffs' § 2607 claim because there is no allegation that any defendant received kickbacks or unearned fees. Non-disclosure of the assignment of an interest in a promissory note is not a kickback or unearned fee, and the asserted section of the Real Estate Settlement Procedures Act does not provide a remedy for non-disclosure. 12 U.S.C. § 2607(a)–(c). Because Plaintiffs' claim fails on the merits, we need not reach the question of its timeliness.

2. The district court properly dismissed the state-law claim that Maribel held a community-property interest in the residence. All relevant documents show that Jaime owned the house as separate property. In the absence of a plausible allegation that Maribel did not acquiesce in this result, those documents control. See Lucas v. Lucas (In re Marriage of Lucas), 614 P.2d 285, 288 (Cal. 1980) ("[T]he affirmative act of specifying a form of ownership in the conveyance of title . . . removes such property from the more general [community property] presumption."); Brooks v. Robinson (In re Marriage of Brooks), 86 Cal. Rptr. 3d 624, 631 (Ct. App. 2008) ("[T]he description in a deed as to how title is held is presumed to reflect the actual ownership interests in the property.").

**AFFIRMED.**